CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 0 4 2015

JULIA C. DUDLEY, CLERK
BY: HMcdonga
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. PRYOR,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:14-cv-00596 |
| v. | ) ) | **MEMORANDUM OPINION** |
| MIDDLE RIVER REGIONAL<br>JAIL, <u>et al.</u>,<br>    Defendants. | ) ) ) ) | By:   **Hon. Jackson L. Kiser**<br>      **Senior United States District Judge** |

Christopher E. Pryor, a Virginia prisoner proceeding <u>pro se</u>, filed a civil rights action

pursuant to 42 U.S.C. § 1983, naming the physician and superintendent of the Middle River

Regional Jail ("Jail") as defendants. On May 8, 2015, defendants filed a motion for summary

judgment. On the same day, the Clerk issued a Notice that advised Plaintiff that a motion for

summary judgment was filed on May 8, 2015, and that Plaintiff had twenty-one days from the

Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's[1] pleadings, the Court will assume that
> Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the
> Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to
> continue with the case, it is necessary that Plaintiff respond in an appropriate
> fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-
> one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice (ECF no. 25) (original emphasis).

Plaintiff did not respond to the Notice or the motion for summary judgment, and the

Notice was not returned to the court as undeliverable. Pursuant to the Notice entered on May 8,

2015, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is

dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b),

and all pending motions are denied without prejudice as moot. <u>See</u> <u>Link v. Wabash R.R. Co.</u>,

---

[1] I note that both defendants filed the motion for summary judgment.

370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER**: This ___4th___ day of August, 2015.

Senior United States District Judge

Case 7:14-cv-00596-JLK-RSB   Document 27   Filed 08/04/15   Page 2 of 2   Pageid#: 225